UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JAMES BROWN,                          :   CV No.:

                    Plaintiff,        :

        - against -                   :   **CIVIL COMPLAINT**

JAMES DONOVAN, Individually and as a :
Captain of THE NEW YORK CITY          :
DEPARTMENT OF CORRECTION, "JOHN"      :
(true first name unknown) CAMPBELL,   :
Individually, and as a Captain of the:
NEW YORK CITY DEPARTMENT OF CORRECT-  :
ION, S. SARNO, Individually and as an:
Officer of the NEW YORK CITY DEPART-  :
MENT OF CORRECTION, J. SURIEL,        :
Individually and as an Officer of the:
NEW YORK CITY DEPARTMENT OF CORREC-   :
TION, MICHELLE MACK, Individually and:
in her capacity as Warden of the OTIS:
BANTUM CORRECTIONAL CENTER OF THE NEW :
YORK CITY DEPARTMENT OF CORRECTION,   :
MARTIN S. HORN, Individually and in   :
his capacity as Commissioner of the   :
NEW YORK CITY DEPARTMENT OF CORREC-   :
TION, THE NEW YORK CITY DEPARTMENT OF:
CORRECTION, and THE CITY OF NEW YORK,:

                    Defendants.       :

------------------------------------x



'08 CIV 6133

JUDGE LYNCH

JUL 03 2008

U.D.C.S.N.Y.
CASHIERS


        Plaintiff, JAMES BROWN, by his attorneys, Harding &

Moore, Esqs., complaining of the defendants, alleges as

follows:


### JURISDICTION

        **FIRST:**  The jurisdiction of this Court is invoked

pursuant to Title 28 of the United States Code, Sections 1331

and 1332 and the supplemental jurisdiction of this Court is

invoked pursuant to Title 28 of the United States Code,

Section 1337.

## PARTIES

**SECOND:** The plaintiff in this action is JAMES BROWN, a natural person who is a citizen of the United States of America and is and was at all times here relevant, a prisoner admitted to the care and custody of the New York City Department of Correction who, at all times here relevant, had been incarcerated at various facilities of the New York City Department of Correction on Riker's Island, in the County of Bronx, for purposes of jurisdiction and venued in the Southern District of New York.

The defendant, JAMES DONOVAN, is a Captain (Shield No. 787) of the New York City Department of Correction and is sued individually and in his capacity as a Captain of the New York City Department of Correction.

The defendant "JOHN" (true name unknown), CAMPBELL is a Captain (Shield No. - currently unknown) of the New York City Department of Correction and is sued individually and in his capacity as a Captain in the New York City Department of Correction.

The defendant, S. SARNO, is a Correction Officer (Shield No. 16084) who is sued individually and in his capacity as a Correction Officer at the New York City Department of Correction.

The defendant, J. SURIEL, is a Correction Officer (Shield No. 14377) sued individually and in his capacity as a

Correction Officer of the New York Department of Correction.

The defendant, MICHELLE MACK, is the Warden of the New York City Department of Correction and is sued individually and in her capacity as Warden of the Otis Bantum Correctional Facility, a facility solely operated by the New York City Department of Correction.

The defendant, MARTIN S. HORN, is the Commissioner of the New York City Department of Correction and is sued individually and in his official capacity as Commissioner of the New York City Department of Correction.

The defendant, NEW YORK CITY DEPARTMENT OF CORRECTION, is an executive department of the defendant, THE CITY OF NEW YORK, and as such, is charged with the operation and control of correctional facilities for the incarceration and housing of both pre-trial detainees and sentenced prisoners committed to its care and custody.

The defendant, THE CITY OF NEW YORK, is a municipal corporation duly organized under the Laws of the State of New York and it has, as one of its executive departments and governmental sub-divisions, the New York City Department of Correction.

## STATEMENT OF FACTS

**THIRD:** The plaintiff, JAMES BROWN, is 40 years old and is incarcerated under Book and Case No. BCN 349-07-20301M

at the George M. Vierno Center of the New York City Department of Correction.   On April 5, 2007, he was incarcerated at the Otis Bantum Correctional Center (hereinafter "OBCC") under the same booking case number as a pre-trial detainee.

**FOURTH:**   That on April 5, 2007, the plaintiff was in the main Intake No. 1, on the way to the library a disturbance allegedly occurred in the three north housing area of the OBCC.   While in Intake No. 1, other inmates were removed from the pen at the direction of defendant, DONOVAN, leaving the plaintiff in the pen alone except for the presence of defendants, DONOVAN, SARNO and SURIEL.

**FIFTH:**   That on April 5, 2007, the plaintiff was rear-cuffed   by   the   direction   of   defendant,   DONOVAN. Defendant, DONOVAN, while plaintiff was rear-cuffed, grabbed plaintiff and smashed plaintiff's face against the wall of the intake cell while plaintiff was being held by defendant, SARNO and SURIEL, who were acting with and at the direction of defendant, DONOVAN.

**SIXTH:**   That as a result of the actions of defendants, DONOVAN, SARNO and SURIEL, on April 5, 2007, the plaintiff sustained injuries to his face, head, jaw, mouth, and teeth.   Plaintiff also suffered the exacerbation of other

physical conditions which will be detailed in greater length, infra.

**SEVENTH:** The defendant, DONOVAN, brought institutional charges against the plaintiff, accusing the plaintiff of throwing punches at defendant, DONOVAN, justifying the use of force, according to defendant, DONOVAN. Plaintiff, JAMES BROWN, answered these charges and accused the defendant, DONOVAN, of fabricating the charges to cover up defendant, DONOVAN's alleged assault on the plaintiff.

**EIGHTH:** That as a result of the complaint by the plaintiff, an investigation was made by the Office of the Inspector General of the New York City Department of Correction. Plaintiff made a statement to investigators from the office of the Inspector General and photographs were taken of plaintiff. Plaintiff does not know and has not been informed of the results or disposition of his complaint.

**NINTH:** That plaintiff has filed a grievance dated April 24, 2007 in which he alleged that "On April 5, 2007, at the "OBCC" Corr. Sac Facility, approx. time of Incident 0925 hrs., I was escorted to the main intake in handcuffs, while I was facing the wall, I was brutally assaulted by Captain Donovan while I was handcuffed behind my back. My teeth were

knocked out and extensive surgery had to be performed on me."
[sic].

**TENTH:** That on April 5, 2007, plaintiff was
evaluated at Riker's Island by Donald Butlein, DDS, who noted
that plaintiff related facial trauma to him and on
examination, Dr. Butlein noted that plaintiff had a 1 cm
laceration in the muco-labial region of the lower lip,
displacement of teeth no. 8 and no. 9, displacement of the
alveolar bone, a 2 cm laceration in the labial muco-labial
region, a maxillary laceration and mandibular labial
laceration.

**ELEVENTH:** That on April 11, 2007, Dr. Butlein
performed surgical removal of teeth no. 8 and no. 9, sutured
the maxillary mandibular labial laceration and prescribed
pain-killers and antibiotics.

**TWELFTH:** That on May 14, 2007, the plaintiff
requested a dental bridge at the Dental Clinic on Riker's
Island because he was having difficulty with speech and with
chewing food as a result of the removal of teeth no. 8 and
teeth no. 9.

**THIRTEENTH:** That on April 5, 2007, the plaintiff

made a complaint to Claude J. Perrier of painful and loose teeth and was referred to the Dental Clinic.

**FOURTEENTH:** That plaintiff had a dental health history of caries and abscess prior to April 5, 2007, but did not have a history of traumatic injury to his lips, teeth, alveolar bone or mandible.

**FIFTEENTH:** That on June 4, 2007, during a physical examination on Riker's Island, the plaintiff complained of headaches to Thomas Schwaner, P.A., who found "trauma two months ago" and was noted to be missing two front upper incisors.

**SIXTEENTH:** That on June 11, 2007, the plaintiff was examined by Camille Napier, M.D. on Riker's Island, found to be status post-head trauma and complaining of headaches since that date with blurred vision. He was referred to Ophthalmology and given glasses, given painkillers and complained of not digesting food properly since the incident of April 5, 2007, claiming that it felt similar to the same problem he had experienced with intubated following a knife wound some years previously.

**SEVENTEENTH:** That plaintiff also complained to

Trevor Napier, M.D. of blurry vision on May 24, 2007 and glasses were apparently re-ordered by the optometrist, Austin White, on June 20, 2007.

**EIGHTEENTH:** That plaintiff was evaluated on July 17, 2007, after complaining of headaches from front to back, to sides, first noted post-trauma of April 5, 2007.

**NINETEENTH:** That as a result of the incident of April 5, 2007, the plaintiff was placed in punitive segregation (the "Bing") where his freedom of movement is sharply limited and he is restricted to his cell in isolation for all the medical appointments and Court appearances.

**TWENTIETH:** That plaintiff had a previous mental health history, including depression, a suicide attempt in 2003, and bereavement over the death of his sister, whose voice he apparently heard after her death. This was noted in a Department of Correction mental health intake dated December 13, 2006 signed by Sallme L. Ott, PhD.

**TWENTY-FIRST:** That on May 18, 2007, plaintiff reported a fear of cuffs to Christina Minervini, a Mental Health Clinician on Riker's Island, but otherwise, did not want to continue mental health treatment.

**TWENTY-SECOND:**   That on April 5, 2007, at about 11:00 A.M. at OBCC, the plaintiff was evaluated by Physicians Assistance Ron Williams, who noted that "PT [patient] seen after he was in a use of force."   The treatment note entry stated that "front teeth are loose and pushed [sic] back," and further that inmate's front teeth are loose" and he should be referred to "Dental Clinic ASAP".   This went to the referral to Dr. Butlein who made the observations and performed the procedure as set forth in paragraphs "10" and 11", supra.

**TWENTY-THIRD:**   That on April 5, 2007, the plaintiff was on his way to the Law Library when an alarm sounded in the facility.   Plaintiff was stopped by two correction officers, defendant, SARNO and SURIEL, who stood on either side of him. He was handcuffed and placed in a pen by defendants, SARNO and SURIEL.   Both defendants stayed with plaintiff.

**TWENTY-FOURTH:**   That a Captain Campbell ordered defendants, SARNO and SURIEL, to uncuff plaintiff while he was in the pen any they did so.

**TWENTY-FIFTH:**   That defendant, DONOVAN, then told co-defendants, SARNO and SURIEL, to rear-cuff the plaintiff and they did so.   Defendant, DONOVAN, then told the plaintiff,

JAMES BROWN, to face the wall and to put his knees on a bench and plaintiff complied with this order.

**TWENTY-SIXTH:**    That    defendant,    DONOVAN,    then ordered inmates in a cell across the corridor from the one that plaintiff was in to be moved.  Defendant, DONOVAN, then, without provocation or justification, hit plaintiff, who was rear-cuffed, in the back of the head with his forearm, causing plaintiff to have his face smashed against the wall against which he was kneeling.  Defendant, DONOVAN, continued to punch plaintiff    about    the    head,    also    without    provocation    or justification.

**TWENTY-SEVENTH:**  That it was after this assault on April 5, 2007, that plaintiff was taken to the Dental Clinic and two fragments were removed as aforesaid by Dr. Butlein and the plaintiff was given stitches and eventually fitted for prosthetic teeth or a "slipper".

**TWENTY-EIGHTH:**  That defendants, DONOVAN, SARNO and SUREIL, accused plaintiff, JAMES BROWN, of assault and punches to cover up their unlawful conduct toward plaintiff.

**TWENTY-NINTH:**  That plaintiff protested the filing of these charges.

**THIRTIETH:**    That   as   a   result   of   the   injuries inflicted on plaintiff on April 5, 2007, the plaintiff has suffered   severe   headaches,   hearing   loss,   blurred   vision, facial,   and   oral   lacerations   and   contusions   requiring suturing,  loss  of  his  front  upper  incisors,  difficulty  in sleeping,  difficulty  in  digesting  food,  abdominal  pain  and increased depression.

**THIRTY-FIRST:**  That plaintiff has not had a panorex or x-ray to determine if his mandible was broken, despite a critical finding of a displaced mandible on April 5, 2007, nor has any been ordered.

### AS AND FOR A FIRST CAUSE OF ACTION - VIOLATION OF TITLE 42 UNITED STATES CODE SECTION 1983- USE OF EXCESSIVE FORCE

**THIRTY-SECOND:**    That   plaintiff,   JAMES   BROWN, repeats, realleges and reiterates each and every allegation set forth in paragraphs "FIRST" through "THIRTY-FIRST" as if fully set forth herein.

**THIRTY-THIRD:**    In    that    defendants,    DONOVAN, CAMPBELL, SARNO and SURIEL, were, at all times herein relevant and during the actions encompassed by the Statement of Facts, supra, engaged in state action and were acting under color of

state law in that they were on duty, in uniform, and acting as a Captain and Correction Officers, respectively, of the New York City Department of Corrections.

**THIRTY-FOURTH:**    That the actions taken by defendants, DONOVAN, CAMPBELL, SARNO and SURIEL, against plaintiff, JAMES BROWN, on April 5, 2007, in isolating him in a cell, rear-cuffing him, making him kneel on a bench and face the wall in an isolated cell, removing potential witnesses by emptying the cell across the corridor of prisoners, and then proceeding to beat him about the head and forcefully shove his face into the cell wall causing severe and painful injuries to his face, head, mouth, jaw and teeth as well as other physical, psychological and emotional injuries constituted excessive use of force by state actors against a person in their custody and as such, constituted a violation of plaintiff's civil and constitutional right to be free from excessive use of force under the Eighth and Fourteenth Amendments to the United States Constitution and under Title 42 United States Code Section 1983.

**THIRTY-FIFTH:**    That the unconstitutional use of force by defendants as aforesaid, constituted a deprivation of plaintiff's rights, privileges and immunities guaranteed to him under the Constitution of the United States, specifically

in the Eighth and Fourteenth Amendments thereto.

**THIRTY-SIXTH:**  In that the injuries sustained by the plaintiff, were solely as a result of defendants' unconstitutional use of excessive force in violation of the Eighth and Fourteenth Amendments include: deprivation of rights, privileges and immunities guaranteed to plaintiff under the Eighth and Fourteenth Amendments, in causing severe and painful injuries to his face, head, mouth, jaw and teeth as well as other physical, psychological and emotional injuries.

**WHEREFORE,** the plaintiff demands judgment against the defendants on the First Cause of Action in the amount of Three Million ($3,000,000.00) Dollars, together with interest and costs.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS, DONOVAN, CAMPBELL, SARNO AND SURIEL - FALSE ARREST**

**THIRTY-SEVENTH:**  The plaintiff repeats, realleges and reiterates each and every allegation set forth in the First Cause of Action as if fully set forth herein.

**THIRTY-EIGHTH:**  That on April 5, 2007, the defendants, DONOVAN, CAMPBELL, SARNO and SURIEL, were at all

times herein relevant, acting under color of state law as Captains and Correction Officers, respectively, of the New York City Department of Correction.

**THIRTY-NINTH:** That on April 5, 2007, the defendants, acting in concert and acting under color of state law as aforesaid, engaged in the unconstitutional use of excessive force against plaintiff as aforesaid, causing the personal injuries, psychological and emotional injuries and deprivation of civil rights as set forth, supra.

**FORTIETH:** That as a result of defendants' concerted and unconstitutional use of excessive force as aforesaid, the defendants sought to cover up their wrongdoing by falsely accusing plaintiff of assaulting the defendants and did so by filing institutional charges against him.

**FORTY-FIRST:** That these charges were brought without probable cause in violation of the Fourth and Fourteenth Amendments to the United States Constitution which require arrest based only upon probable cause and in violation of Title 42, United States Code Section 1983.

**FORTY-SECOND:** That plaintiff was compelled to represent himself in an institutional proceeding against these

false charges.   He was found guilty of the same by the New York City Department of Correction and was, as punishment, confined to punitive segregation ("Bing") without any cause therefor, resulting in a loss of liberty and freedom of movement without probable cause.

**FORTY-THIRD:**   That defendants, by so doing, violated the rights, privileges, and immunities guaranteed to plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution.

**WHEREFORE,** the plaintiff demands judgment against the defendants on the Second Cause of Action in the amount of One Hundred Thousand ($100,000.00) Dollars, together with interest and costs.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT MICHELLE MACK, - IN VIOLATION OF TITLE 42 UNITED STATES CODE SECTION 1983 - DELIBERATE INDIFFERENCE** —

**FORTY-FOURTH:**   The plaintiff repeats, realleges and reiterates each and every allegation set forth in the First and Second Causes of Action as if fully set forth herein.

**FORTY-FIFTH:**   That defendant, MICHELLE MACK, is and was at all times relevant herein, the Warden of the OBCC and

as such, is a public official and was, at all times here relevant, acting under color of state law.

**FORTY-SIXTH:**  That on April 5, 2007, the defendant, MICHELLE MACK, was, as Warden, the Commanding Officer of defendants, DONOVAN, CAMPBELL, SARDO and SURIEL, and was the chief jailer and officer in charge of the OBCC.

**FORTY-SEVENTH:**  That as Warden, the defendant, MICHELLE MACK, was responsible for the implementation of any and all consent degrees, Court Orders, and departmental rules and regulations regarding treatment of prisoners and permissible use of force by uniformed correction personnel against prisoners committed to her care and custody.

**FORTY-EIGHTH:**  In that defendant, MICHELLE MACK, was responsible for the care and custody of all prisoners committed to or present within the OBCC on April 5, 2007, including plaintiff.

**FORTY-NINTH:**  That through a series of cases filed in the United States District Court for the Southern District of New York, the defendants, THE CITY OF NEW YORK, and THE NEW YORK CITY DEPARTMENT OF CORRECTION, have agreed to implement policies to prevent the brutal treatment of prisoners

committed to their custody by Department of Correction Personnel.

**FIFTIETH:** That on April 5, 2007, and at all times here relevant, it was the responsibility of defendant, MACK, to implement such policies as aforesaid within her own institution.

**FIFTY-FIRST:** That prior to and including April 5, 2007, uniformed personnel of the New York City Department of Correction, under the command of defendant, MACK, had engaged in acts of brutality in violation of existing New York City Department of Correction policy as aforesaid without action being taken against them.

**FIFTY-SECOND:** That the actions of the supervisors and officers under the defendant, MACK's command, on April 5, 2007, despite the existence of policies and procedures to the contrary, represent deliberate indifference to the civil right of plaintiff, JAMES BROWN, who sustained serious, physical and emotional injuries as a result thereof.

**FIFTY-THIRD:** That the actions taken by the defendants, DONOVAN, CAMPBELL, SARNO, and SURIEL, while under the command of the defendant, MACK, against plaintiff, JAMES

BROWN, on April 5, 2007, in isolating him in a cell, rear-cuffing him, making him kneel on a bench and face the wall in an isolated cell, removing potential witnesses by emptying the cell across the corridor of prisoners, and then proceeding to beat him about the head and forcefully shove his face into the cell wall causing severe and painful injuries to his face, head, mouth, jaw and teeth, as well as other physical, psychological and emotional injuries constituted deliberate indifference to the civil rights of plaintiff, to be free from excessive use of force by State actors against a person in their custody and as such, constituted a deprivation of plaintiff's rights, privileges and immunities guaranteed under the Constitution of the United States, specifically by the Fourth, Eighth and Fourteenth Amendments thereto.

**WHEREFORE**, the plaintiff demands judgment against the defendants on the Third Cause of Action in the amount of One Hundred Thousand ($100,000.00) Dollars, together with interest and costs.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT MARTIN S. HORN, - IN VIOLATION OF TITLE 42 UNITED STATES CODE SECTION 1983 - DELIBERATE INDIFFERENCE**

**FIFTY-FOURTH:** The plaintiff repeats, realleges and reiterates each and every allegation set forth in the First, Second, and Third Causes of Action as if fully set forth

herein.

**FIFTY-FIFTH:** On April 5, 2007, and at all times here relevant, the defendant, MARTIN S. HORN, was the Commissioner of the New York City Department of Correction. As such, he was the Chief Executive Officer of the New York City Department of Correction and was responsible for the safe and effective administration of the Correctional facilities under its control and for the care and custody of the inmates committed to it and for the implementation of all Court Orders and Consent Decrees entered into by the New York City Department of Correction regarding proper treatment of prisoners.

**FIFTY-SIXTH:** That through a series of cases filed in the United States District Court for the Southern District of New York, the defendants, THE CITY OF NEW YORK, and THE NEW YORK CITY DEPARTMENT OF CORRECTION, have agreed to implement policies to prevent the brutal treatment of prisoners committed to their custody by Department of Correction Personnel.

**FIFTY-SEVENTH:** That despite the existence of the same, as of April 5, 2007, incidents of brutal treatment by uniformed personnel of the New York City Department of

Correction against inmates in its custody continued to take place.

**FIFTY-EIGHTH:** That plaintiff, JAMES BROWN, was injured and deprived of his civil rights in violation of 42 United States Code Section 1983 as aforesaid, suffering injuries alleged, <u>supra</u>, by actions of uniformed personnel of the New York City Department of Correction, all acting under color of State Law, as aforesaid.

**FIFTY-NINTH:** That on April 5, 2007, and thereafter, the plaintiff, JAMES BROWN, complained to the Inspector General of the New York City Department of Correction against defendants, DONOVAN, CAMPBELL, SARNO and SURIEL, but no action was taken against them by defendant, HORN, despite cause for so doing.

**SIXTIETH:** That the actions engaged in by the defendants, DONOVAN, CAMPBELL, SARNO and SURIEL, on April 5, 2007 against plaintiff, JAMES BROWN, represent violations of departmental policies, rules, regulations, Court Orders, and Consent Decrees, designed to prevent physical abuse of inmates by uniformed personnel.

**SIXTY-FIRST:** That the foregoing represents

deliberate indifference to the civil rights of the plaintiff, JAMES BROWN, in violation of Title 42 United States Code Section 1983, in that plaintiff has been subjected to excessive use of force, false arrest, and deprivation of plaintiff's rights, privileges and immunities guaranteed to him under the Constitution of the United States, specifically, the Fourth, the Eighth and the Fourteen Amendments thereto.

**WHEREFORE,** the plaintiff demands judgment against the defendants on the Fourth Cause of Action in the amount of One Hundred Thousand ($100,000.00) Dollars, together with interest and costs.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT THE CITY OF NEW YORK , - IN VIOLATION OF TITLE 42 UNITED STATES CODE SECTION 1983 - DELIBERATE INDIFFERENCE**

**SIXTY-SECOND:** The plaintiff repeats, realleges and reiterates each and every allegation set forth in the First, Second, Third, and Fourth Causes of Action as if fully set forth herein.

**SIXTY-THIRD:** That the defendant, THE CITY OF NEW YORK, is a municipal corporation duly organized under the laws of the State of New York.

**SIXTY-FOURTH:**  That on April 5, 2007, and at all times here relevant, the defendant, THE CITY OF NEW YORK, had, as one of its executive departments, The New York City Department of Correction, which performed the governmental function of operating and maintaining correctional facilities for housing inmates who were committed to its care and custody as either pre-trial detainees or sentenced prisoners.

**SIXTY-FIFTH:**  That on April 5, 2007, the plaintiff, JAMES BROWN, was an inmate at defendant's OTIS BANTUM CORRECTION CENTER on Riker's Island.

**SIXTY-SIXTH:**  That prior to and on April 5, 2007, and continuing to the present, the defendant had an official policy prohibiting the use of excessive force by its correctional officers, supervisors, and wardens against inmates committed to its care and custody.

**SIXTY-SEVENTH:**  That defendant was also subjected to various Court Orders and Consent Decrees issued by the United States District Court for the Southern District of New York and for the Eastern District of New York as a result of lawsuits brought by on or behalf of prisoners who had alleged physical mistreatment by correction officers and who had

alleged that this mistreatment was known by and acquiesced by supervisory and command personnel and by the defendant, The New York City Department of Correction, and by the defendant, The City of New York.

**SIXTY-EIGHT:**  That defendant, upon information and belief, had developed policies and procedures designed to correct abuses of inmates by its uniformed personnel and the execution of such policies and procedures was the responsibility of defendants, commissioners, wardens, deputy wardens, captains and correctional officers.

**SIXTY-NINTH:**  That the practices, such as those practiced against plaintiff, JAMES BROWN, on April 5, 2007 and thereafter, demonstrate the defendant has not carried out its own policies and procedures and has not complied with Court Orders and Consent Decrees by which it is bound, resulting in a custom, practice and policy of deliberate indifference to the civil and constitutional rights of inmates.

**SEVENTIETH:**  That defendant, THE NEW YORK CITY DEPARTMENT OF CORRECTION, is a State actor and its personnel, as aforesaid, acted at all times here relevant under color of State Law.

**SEVENTY-FIRST:**    That the failure of defendant to carry out its own practices, policies and procedures as aforesaid, has been caused by deliberate indifference to the civil and constitutional rights of the inmates under its care.

**SEVENTY-SECOND:**    That the deliberate indifference of defendant, THE NEW YORK CITY DEPARTMENT OF CORRECTION, to the constitutional rights of its inmates, has resulted in injury to plaintiff, JAMES BROWN, including the physical, psychological and emotional injuries, all set forth at length, supra, and incorporated by reference herein.

**SEVENTY-THIRD:**    That defendant, as a result of its deliberate indifference, as aforesaid, has deprived plaintiff of his rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

**WHEREFORE,** the plaintiff demands judgment against the defendants on the Fifth Cause of Action in the amount of Two Million ($2,000,000.00) Dollars, together with interest and costs.

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT THE CITY OF NEW YORK-IN VIOLATION OF TITLE 42**

UNITED

## STATES CODE SECTION 1983 - DELIBERATE INDIFFERENCE

**SEVENTY-FOURTH:**  The plaintiff repeats, realleges and reiterates each and every allegation set forth in the First, Second, Third, Fourth and Fifth Causes of Action as if fully set forth herein.

**SEVENTY-FIFTH:**  That the defendant, THE CITY OF NEW YORK, is a municipal corporation duly organized under the Laws of the State of New York.

**SEVENTY-SIXTH:**  That the defendant, through its New York City Department of Correction, as aforesaid, operates and maintains the correctional facilities throughout the City of New York.

**SEVENTY-SEVENTH:**  That the defendant is a State actor which directly employs the defendants, DONOVAN, CAMPBELL, SARNO, SURIEL, MACK, and HORN, and uses the defendant, THE NEW YORK CITY DEPARTMENT OF CORRECTION, to carry out one of its governmental functions.

**SEVENTY-EIGHTH:**  That the defendant, as of April 5, 2007, had a policy against physical mistreatment of prisoners committed to the care and custody of its New York City Department of Correction.

**SEVENTY-NINTH:**    That  the  defendant  has  agreed  to implement  policies,  practices  and  procedures  aimed  at  curbing physical  abuse  of  inmates  committed  to  its  care  and  custody  on the  part  of  any  employees  of  the  New  York  City  Department  of Correction.

**EIGHTIETH:**  That  defendant  has  failed  to  do  so  as set  forth  in  paragraphs  "FIRST"  through  "SEVENTY-THIRD"  of this  Complaint  as  aforesaid,  despite  entering  into  Consent Decrees  and  being  bound  by  Court  Orders  arising  from  lawsuits brought  by  prisoners.

**EIGHTY-FIRST:**    That  this  failure  represents  a custom  and  policy  of  deliberate  indifference  to  the  civil  and constitutional  rights  of  inmates  in  its  care  and  custody.

**EIGHTY-SECOND:**    That  on  April  5,  2007,  and thereafter,  the  plaintiff,  JAMES  BROWN,  as  a  result  of defendant's  deliberate  indifference,  suffered  deprivation  of his  constitutional  right  to  be  free  from  excessive  use  of force  and  false  arrest  by  State  actors,  resulting  in  serious physical  injuries,  psychological  injuries,  and  emotional injuries.

**EIGHTY-THIRD:** That on April 5, 2007, and thereafter, the plaintiff also suffered deprivation of the rights, privileges, and immunities guaranteed to him under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

**WHEREFORE,** the plaintiff demands judgment against the defendant on the Sixth Cause of Action in the amount of Two Million ($2,000,000.00) Dollars, together with interest and costs.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS, DONOVAN, CAMPBELL, SARNO and SURIEL - NEGLIGENCE

**EIGHTY-FOURTH:** The plaintiff repeats, realleges and reiterates each and every allegation set forth in the First, Second, Third, Fourth, Fifth and Sixth Causes of Action as if fully set forth herein.

**EIGHTY-FIFTH:** That on April 5, 2007, and at all times here relevant, the defendants, JAMES DONOVAN, "JOHN" (true first name unknown) CAMPBELL, S. SARNO, and J. SURIEL, were each Correction Captains and Correction Officers, respectively, employed by the New York City Department of Correction and assigned to OBCC on Riker's Island.

**EIGHTY-SIXTH:** That on April 5, 2007, and at all

times here relevant, the plaintiff, JAMES BROWN, was an inmate at OBCC.

**EIGHTY-SEVENTH:** That on April 5, 2007, the plaintiff, JAMES BROWN, was lawfully on his way to the law library with a pass when a disturbance occurred elsewhere in the facility. Plaintiff was not involved in the disturbance.

**EIGHTY-EIGHTH:** That the defendants, SURIEL and SARNO, handcuffed plaintiff and put him in a cell. Defendant, CAMPBELL, ordered plaintiff to be uncuffed, but defendant, DONOVAN, entered the cell and ordered plaintiff to be re-cuffed for no apparent reason.

**EIGHTY-NINTH:** That on April 5, 2007, the plaintiff, JAMES BROWN, was injured due to the negligence of the defendants, DONOVAN, CAMPBELL, SARNO and SURIEL, without any negligence on the part of the plaintiff, JAMES BROWN, contributing thereto.

**NINETIETH:** That on April 5, 2007, the negligence of defendants, DONOVAN, CAMPBELL, SARNO and SURIEL, consisted of failure to use due care and caution in how they cuffed, un-cuffed, and then re-cuffed plaintiff, creating an unsafe condition by placing his head and face needlessly close to the

cement block wall of the cell in which he was the only person, failing to perceive that plaintiff was physically unable to half kneel and half stand on a metal bench inches from a cell wall on his hands, rear-cuffed behind his back, failing to perceive that plaintiff was not involved in any disturbance, and generally being careless in physically handling the plaintiff.

**NINETY-FIRST:** That on April 5, 2007, the physical injuries sustained by the plaintiff, without any negligence on the part of the plaintiff contributing thereto, include: severe and painful injuries to the face, teeth, jaw and gums, including loss of tooth no. 8 and tooth no. 9, a displaced mandible, hearing loss, blurred vision, severe headaches, difficulty in chewing and digestion, oral and facial lacerations, disfigurement of the upper lip, fear of correction officers, severe emotional distress and mental anguish, exacerbation of pre-existing emotional and psychological problems which the defendants and their employees had notice, all of which has resulted in extensive dental, medical and psychological treatment.

**NINETY-SECOND:** That on April 5, 2007, the defendants were each on duty, in uniform and acting within the scope of their employment as Captains and Officers of the New

York City Department of Correction.

**WHEREFORE,** the plaintiff demands judgment against the defendant on the Seventh Cause of Action in an amount to be determined at trial and in excess of the jurisdictional limits of the lower Court, together with interest and costs.

### AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANT, THE CITY OF NEW YORK - NEGLIGENCE

**NINETY-THIRD:** The plaintiff repeats, realleges and reiterates each and every allegation set forth in the First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action as if fully set forth herein.

**NINETY-FOURTH:** That on April 5, 2007, the defendant, THE CITY OF NEW YORK, was the employer of defendants, DONOVAN, CAMPBELL, SARNO, SURIEL, and MACK.

**NINETY-FIFTH:** That the defendant, THE CITY OF NEW YORK, is therefore liable by the doctrine of respondeat superior, for the acts, omissions and negligence of its employees acting during the course of their employment as aforesaid.

**NINETY-SIXTH:** That on April 5, 2007, the defendant, THE CITY OF NEW YORK, was also negligent in the

supervision of its correction personnel in failing to adequately supervise and train its personnel in the implementation of its policies, practices and procedures regarding the safe handling of inmates committed to its care and custody, failing to properly and adequately instruct its employees in the practices, policies, and procedures put in place as a result of various Court Orders and Consent Decrees arising from other prisoner lawsuits alleging mistreatment by correction personnel, failing through its warden, deputy wardens and assistant deputy wardens to properly supervise its personnel with regard to the incident of April 5, 2007 which resulted in the plaintiff's injuries.

**NINETY-SEVENTH:** That plaintiff, pursuant to Section 50(g) of the New York State Municipal Law, duly served and filed, on a _pro_ _se_ basis, a Notice of Claim dated April 24, 2007 against the City of New York and the Comptroller of the City of New York, who duly acknowledged such claim on May 9, 2007, assigning it Claim No. 2007PI013676.

**NINETY-EIGHTH:** That more than 90 days have elapsed and plaintiff's claim has not been settled or otherwise adjusted.

**WHEREFORE,** the plaintiff demands judgment against

the defendant on the Eighth Cause of Action in an amount to be determined at trial and in excess of the jurisdictional limits of the lower Court, together with interest and costs.

**WHEREFORE**, the plaintiff demands total judgment as follows:

On the First Cause of Action in the amount of Three Million ($3,000,000.00) Dollars, together with interest and costs.

On the Second Cause of Action in the amount of One Hundred Thousand ($100,000.00) Dollars, together with interest and costs.

On the Third Cause of Action in the amount of One Hundred Thousand ($100,000.00) Dollars, together with interest and costs.

On the Fourth Cause of Action in the amount of One Hundred Thousand ($100,000.00) Dollars, together with interest and costs.

On the Fifth Cause of Action in the amount of Two Million ($2,000,000.00) Dollars, together with interest and

costs.

On the Sixth Cause of Action in the amount of Two Million ($2,000,000.00) Dollars, together with interest and costs.

On the Seventh Cause of Action in an amount to be determined at trial and in excess of the jurisdictional limits of the lower Court, together with interest and costs.

On the Eighth Cause of Action in an amount to be determined at trial and in excess of the jurisdictional limits of the lower Court, together with interest and costs.

### JURY DEMAND

**WHEREFORE,** plaintiff demands a jury trial of all issues raised in this Complaint.

**Dated:**   Kew Gardens, New York
        July 2, 2008

                    Yours, etc.,

                    *James P. Harding*
                    JAMES P. HARDING, ESQ.
                    HARDING & MOORE, ESQS.
                    Attorneys for Plaintiff
                    JAMES BROWN
                    80-59 Lefferts Boulevard
                    Kew Gardens, New York 11415
                    718 805-1500

TO:  MICHAEL A. CARDOZO, Corporation Counsel
     The City of New York
     100 Church Street
     New York, New York 10007


TO:  NEW YORK CITY DEPARTMENT OF CORRECTION
     60 Hudson Street - 6th Floor
     New York, New York 10013-4393

     JAMES DONOVAN
     c/o New York City Department of Correction
     60 Hudson Street - 6th Floor
     New York, New York 10013-4393

     "JOHN" (first name unknown) CAMPBELL
     c/o New York City Department of Correction
     60 Hudson Street - 6th Floor
     New York, New York 10013-4393

     S. SARNO
     c/o New York City Department of Correction
     60 Hudson Street - 6th Floor
     New York, New York 10013-4393

     J. SURIEL
     c/o New York City Department of Correction
     60 Hudson Street - 6th Floor
     New York, New York 10013-4393

     MICHELLE MACK
     c/o New York City Department of Correction
     60 Hudson Street - 6th Floor
     New York, New York 10013-4393

     MARTIN S. HORN
     c/o New York City Department of Correction
     60 Hudson Street - 6th Floor
     New York, New York 10013-4393