



**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**SHAWN D. FABIAN**
Assistant Corporation Counsel
E-mail: shfabian@law.nyc.gov
Phone: (212) 788-0906
Fax: (212) 788-9776

August 5, 2008

**BY HAND DELIVERY**
Honorable Gerard E. Lynch
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:    James Brown v. James Donovan, et al., 08 Civ. 6133 (GEL)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendant City of New York ("City") in the above-referenced matter,[1] in which plaintiff alleges, *inter alia*, that excessive force was used against him and that he was falsely arrested. Defendant City writes to respectfully request an enlargement of time to answer or otherwise respond to plaintiff's complaint from July 31, 2008 until September 25, 2008. Plaintiff's counsel, James P. Harding, Esq., consents to this request, and I apologize to the Court and to plaintiff's counsel for the lateness of this request.

---

[1] Upon information and belief, the individually named defendants have not yet been served in this matter. Therefore, should the Court grant this enlargement, it should allow plaintiff time to serve the individual defendants. If timely served, it may also give this office time to determine, pursuant to Section 50-k of the New York General Municipal law, and based upon a review of the facts of the case, whether we may represent them. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law))

There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. As plaintiff has alleged physical injury as a result of the events alleged in his complaint, our office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of medical records.

Further, it is our understanding that the records of the underlying criminal action, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, our office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of sealed arrest and criminal prosecution records so that defendant City can access the information, properly assess the case, and respond to this complaint.

No previous request for an enlargement to answer has been made by defendant City. Accordingly, defendant City respectfully requests that its <u>time to answer or otherwise respond to the complaint be extended until September 25, 2008</u>.

Thank you for your consideration herein.

Respectfully submitted,

*[signature]*

Shawn D. Fabian (SF4606)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: James P. Harding, Esq. (By First Class Mail)
Harding & Moore
*Attorneys for Plaintiff*
80-59 Lefferts Boulevard
Kew Gardens, New York 11415

*SO ORDERED

*[signature]*

GERARD E. LYNCH, U.S.D.J.

8/6/08